UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| YANICK ROCKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| MARATHON HEALTH, LLC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Yanick Rockett ("Rockett" or "Plaintiff"), by counsel, brings this action against Defendant, Marathon Health, LLC ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. §2000e *et. seq.*

**II. PARTIES**

2. Rockett is a resident of Marion County, Indiana, who, at all relevant times to this action, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Rockett was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7. Rockett satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2023-04828) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her race. Rockett received the required Notice of her Right to Sue on December 29, 2023, and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. In or around February 2022, Rockett, a Black female, began working as a Health Center Director at Defendant's IndyGo Health and Wellness Center ("IndyGo Center"). Rockett reported to Bailey Barnes ("Barnes"), a Caucasian individual and Regional Clinic Team Member for Defendant.

10. At all relevant times, Rockett met or exceeded Defendant's legitimate performance expectations. Notably, Rockett was told by Dr. Brian Johnson ("Dr. Johnson"), Medical Director for Defendant, that her "no-nonsense attitude" was a perfect fit for their location.

11. Defendant's IndyGo Center is a three-person operation consisting of a Center Director, a Medical Assistant, and a Wellness Coach.

12. In or around September 2022, the IndyGo Center had a vacant Wellness Coach position. Rockett recommended Samantha Douglas ("Douglas"), a qualified Medical professional and Black female, to Barnes for the role. Douglas was not considered for the position. Instead, Olivia Goldstein ("Goldstein"), a significantly less qualified Caucasian

individual, was hired for the position. The proffered reason for not hiring Douglas was because she did not hold a current health coaching certification; however, at the time of her hire neither did Goldstein.

13.     From the time Goldstein was hired in or around September 2022, she made it clear that she did not respect Rockett's leadership. She flagrantly damaged workplace equipment on occasion, would not follow Rocket's instructions, altered the schedules of her co-workers without Rockett's authorization, and spent the bulk of her time gossiping or sitting idly by her co-workers instead of completing her job duties and responsibilities.

14.     As a consequence of her actions and within the scope of Rockett's purview, Rockett issued feedback to Goldstein on multiple occasions, ranging from how to efficiently perform her job duties to ensuring Defendant's policies and procedures were being followed.

15.     In response, on or around July 24, 2023, Goldstein made a complaint against Rockett. Specifically stating that she did not "feel safe in the workplace" and that Rockett was mean, aggressive, and scary.

16.     On or around July 25, 2023, Rockett held a routine staff meeting with Goldstein and Barnes present. Rockett reminded Goldstein that it was important to take the blood pressure of each individual she sees at the clinic. Goldstein immediately escalated the conversation by refusing to do so, citing an inconsistency with policy, and began to yell at Rockett. After Rockett verbally responded to Goldstein's insubordinate and aggressive actions, Barnes halted the disagreement.  Barnes told both individuals that they were being unprofessional, to lower their voices, and disengage. In response, Goldstein threw her mask across the room and left the meeting.

17. On or around July 31, 2023, Defendant terminated Rockett's employment for purportedly violating their ethics policy for her conduct in the July 25, 2023, meeting. Goldstein was neither reprimanded nor terminated for her insubordination and more egregious conduct during the same event.

## V. CAUSES OF ACTION

18. Rockett hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Rockett is a Black individual.

20. Defendant subjected Rockett to disparate treatment based on her race with regard to her termination from employment.

21. Defendant's actions were intentional, willful, and in reckless disregard of Rockett's rights as protected by Title VII.

22. Rockett suffered and continues suffering damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Yannick Rockett, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Rockett's employment to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions and/or payment to Rockett of front pay in lieu thereof;

2. Award all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.  Award Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.  Award compensatory damages for violations of Title VII;

5.  Award punitive damages for violations of Title VII;

6.  Award all costs and attorney's fees incurred as a result of bringing this action;

7.  Award pre-and post-judgment interest on all sums recoverable; and

8.  Award all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
Sarah Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
         sguffey@bdlegal.com

*Counsel for Plaintiff, Yannick Rockett*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Yannick Rockett, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych
Sarah Guffey
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765

Email: ad@bdlegal.com
sguffey@bdlegal.com

*Counsel for Plaintiff, Yannick Rockett*